Filed 10/13/23  P. v. Elliott CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C097445 |
| Plaintiff and Respondent, | (Super. Ct. No. 16CF00282) |
| v. | |
| DEMETRIUS CORTEZ ELLIOTT, JR., | |
| Defendant and Appellant. | |

Defendant Demetrius Cortez Elliott, Jr., pled to a stipulated term that included three prior prison term enhancements.  The trial court recalled and resentenced defendant by striking these three enhancements under Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill 483) (Stats. 2021, ch. 728, § 3), codified as Penal Code section 1172.75,[1] but

---

[1] Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered former section 1171.1 to section 1172.75 without any substantive changes.  (Assem. Bill No. 200 (2021-2022 Reg. Sess.); Stats. 2022, ch. 58, § 12.)  We will cite to section 1172.75 throughout this opinion.

1

the trial court declined to further resentence defendant due to his stipulated term. Defendant appealed, challenging this decision. We affirm.

## I. BACKGROUND

In 2017, defendant pled no contest to kidnapping (§ 207, subd. (a)) and admitted a personal use of a firearm enhancement (§ 12022.53, subd. (b)), a prior strike (§§ 667, subd. (d), 1170.12, subd. (b)), and that he had served three prior prison terms (§ 667.5, subd. (b)), in exchange for dismissal of other charges and allegations. The trial court sentenced defendant to the stipulated term of 29 years, comprised of eight years (upper term) for kidnapping doubled for the prior strike, 10 years for the firearm enhancement, and three years total for the prior prison terms.

In 2022, the trial court found the record in defendant's case established he was convicted of an enhancement described in section 1172.75 and appointed counsel. Defendant filed a sentencing brief arguing for recall and resentencing under section 1172.75. He argued his prior prison term enhancements must be stricken, along with other sentence reductions. The trial court held a resentencing hearing and stated it would, "by operation of law, dismiss the three prior prison term allegations under [section] 667.5, but [the court would] not . . . strike anything else on the basis that this was a stipulated sentence, and the People [were] entitled to the benefit of their bargain." The court then imposed the original sentence without the enhancements for a total term of 26 years.

## II. DISCUSSION

Defendant argues the trial court misconstrued section 1172.75 in finding it could not resentence defendant because of the stipulated term. The People contend defendant received an appropriate resentencing hearing, and "the court properly exercised its discretion when it declined to strike additional charges and enhancements." We agree with the People.

2

Prior to 2020, section 667.5 required an additional "one-year term for each prior separate prison term." (Former § 667.5, subd. (b).) Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136), effective January 1, 2020, modified section 667.5 to limit the one-year enhancement to only prison terms from sexually violent offenses. (Stats. 2019, ch. 590, § 1.) The Legislature passed Senate Bill 483, effective January 1, 2022, to "retroactively apply . . . Senate Bill 136 of the 2019-20 Regular Session to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements." (Stats. 2021, ch. 728, § 1.) This was implemented by enacting section 1172.75. (Stats. 2021, ch. 728, § 3.)

Section 1172.75 states, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5," that is for a nonsexually violent offense, "is legally invalid." (§ 1172.75, subd. (a).) Once a trial court receives information from California Department of Corrections and Rehabilitation that a defendant has a qualifying enhancement, "the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a). If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

Section 1172.75 then provides how this resentencing must occur, including "[r]esentencing pursuant to this section shall not result in a longer sentence than the one originally imposed" and courts "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(1)-(2).) Courts may also "consider postconviction factors" to decide whether "circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).) Courts also cannot impose a sentence exceeding the middle term unless it was

3

originally imposed or there are aggravating circumstances defendant stipulated to or were found true beyond a reasonable doubt. (§ 1172.75, subd. (d)(4).)

The trial court here properly followed section 1172.75's procedures. The trial court found the section 667.5 enhancement existed, recalled defendant's sentence, found the enhancements invalid, refrained from further reducing defendant's sentence, and resentenced defendant to a new sentence without the enhancements. This resulted in a sentence shorter than what was originally imposed.

Defendant contends the trial court "erred in finding that the plea agreement in this case preempted application of the recall and resentencing provisions of . . . section 1172.75, subdivision (d)." The trial court made no such finding. The trial court necessarily found defendant's sentence was subject to section 1172.75, even though it was the result of a plea agreement, because it recalled and resentenced defendant without the section 667.5 enhancements. (See *People v. Flores* (2022) 77 Cal.App.5th 420, 443 ["Senate Bill 483 spoke specifically to plea bargains and resentencing" and "also expressed intent to bind the parties to their plea bargains"].) The trial court did find the remainder of the sentence still appropriate in light of the parties' prior agreement, but never stated it was precluded from resentencing defendant by the plea agreement. Further, defendant has not established how this finding was an abuse of discretion.

## III.  DISPOSITION

The trial court's resentencing order is affirmed.

/S/

RENNER, J.

We concur:

/S/

DUARTE, Acting P. J.

/S/

WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.